IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SARAH ELIZABETH FRYE          )
                              )
v.                            ) NO. 3-15-1195
                              ) JUDGE CAMPBELL
LEVEL UP, LLC, et al.         )

## MEMORANDUM

Pending before the Court is Defendants' Partial Motion to Dismiss (Docket No. 17). For the reasons stated herein, Defendants' Motion is GRANTED.

## INTRODUCTION

Plaintiff's Amended Complaint alleges, pursuant to 42 U.S.C. § 1983 ("Section 1983"), that Defendants violated her constitutionally-protected rights under both the U.S. and Tennessee Constitutions. Plaintiff also alleges that Defendants violated Title IX (20 U.S.C. § 1681) by discriminating and retaliating against her.

Defendants have moved to dismiss portions of Plaintiff's claims. Defendants ask the Court to dismiss Plaintiff's constitutional claims (Count One) because Defendants are not state actors; to dismiss Plaintiff's Title IX claims against the individual Defendants because Title IX does not authorize suit against individual school officials; and to dismiss any claim for failure to comply with Title IX's administrative requirements because there is no private right of action for such alleged violations.

## FACTS

Plaintiff alleges that Defendants operate a private educational facility called The Salon Professional Academy ("the Academy") which receives federal funds and/or assistance under Title IX. Plaintiff's Amended Complaint alleges that she applied for and was accepted for enrollment in

the Academy in June of 2014. Plaintiff contends that, during the next approximately 16 months after her enrollment, Defendants discriminated against her, harassed her, and retaliated against her because of her gender and her pregnancy, in violation of the U.S. and Tennessee Constitutions and Title IX.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## ANALYSIS

Defendants argue that Plaintiff's Section 1983 claims must be dismissed because they are not "state actors." To prove a Section 1983 claim, Plaintiff must identify a right secured by the U.S. Constitution and the deprivation of that right by a person acting under color of state law. *Adair v. Charter County of Wayne*, 452 F.3d 482, 491-92 (6th Cir. 2006).

Plaintiff has conceded her Section 1983 claims (Docket No. 28, p.1). Therefore, Plaintiff's Count One claims for violation of the U.S. and Tennessee Constitutions are DISMISSED.

Defendants also contend that Plaintiff's Title IX claims against the individual Defendants, Chip Woods and Wanda Woods, must be dismissed. Title IX reaches institutions and programs that receive federal funds, but Title IX does not authorize lawsuits against school officials, teachers and other individuals. *Fitzgerald v. Barnstable School Committee*, 129 S.Ct. 788, 791 (2009); *see also Marshall v. Ohio University*, 2015 WL 7254213 at * 4 (S.D. Ohio Nov. 17, 2015). Plaintiff correctly notes that "Title IX applies only to 'educational institutions.'" Docket No. 28, p. 5.

Chip Woods and Wanda Woods are individuals, not educational institutions, and Plaintiff's Title IX claims against these individual Defendants are DISMISSED.

Finally, Defendants maintain that to the extent Plaintiff alleges a cause of action for failure to follow Title IX's administrative requirements, such a claim cannot be made. Plaintiff has responded by stating: "Plaintiff clearly does not aver a cause of action for Defendants' strict failure to comply with Title IX administrative requirements as construed by Defendant." Docket No. 28, p. 12. Accordingly, Defendant's Motion on this issue is moot.

## CONCLUSION

For these reasons, Defendants' Partial Motion to Dismiss (Docket No. 17) is GRANTED. Plaintiff's claims under the U.S. and Tennessee Constitutions are DISMISSED, and Plaintiff's Title IX claims against Defendants Chip Woods and Wanda Woods are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE